Express Publishing Company v. Commissioner.
Express Publ. Co. v. Commissioner
Docket No. 112226.
United States Tax Court
1945 Tax Ct. Memo LEXIS 345; 4 T.C.M. (CCH) 38; T.C.M. (RIA) 45018; January 16, 1945
Gilbert M. Denman, Esq., 215 W. Commerce St., San Antonio. Tex., for the petitioner. Frank B. Schlosser, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding has been returned to this Court under a mandate from the United States Circuit Court of Appeals for the Fifth Circuit, reading, in part, as follows: It is now here ordered, adjudged and decreed by this Court, that the judgment of the said Tax Court of the United States in this cause be, and it is hereby, reversed. In its opinion the Circuit Court held that the witness, Thornton Hall, should have been permitted to express his opinion on the reasonableness of the salaries in question which this Court refused to permit. The Circuit Court then directed a reconsideration of the deduction for *346 salaries, with leave to the parties to offer further evidence touching the services rendered and their reasonable value. Accordingly, the case was set down for further hearing. The only further evidence offered was a stipulation that if the witness, Thornton Hall, had been permitted to answer the question: "What was your opinion as to whether the salary of $275.00 a month paid to Mrs. Frost and $175.00 payable to her sister as vice presidents was reasonably necessary to procure their services", that his answer would have been: "in my opinion they were reasonably necessary". And, if the witness Hall had been permitted to answer the following question: "What is your opinion as to whether the salaries thus paid were in excess of the reasonable value of the services rendered?" he would have answered "in my opinion they were not in excess of the reasonable value of the services rendered". On the basis of the former record and the further evidence presented on the rehearing, we make the following Findings of Fact The salary of Mrs. Carrie Grice Frost to the extent of $3,135 for each of the taxable years was reasonable compensation for the services she actually rendered petitioner *347 during those years and was paid to her for those services. The salary of Mrs. W. Dorsey Brown to the extent of $1,995 for each of the taxable years was reasonable compensation for the services she actually rendered petitioner during those years and was paid to her for those services. All previous findings of fact not inconsistent with the above findings are incorporated herein by reference. Opinion The only question presented to us on the rehearing in this proceeding is the reasonableness of the salaries paid in the taxable years by the petitioner to Mrs. Carrie Grice Frost and Mrs. W. Dorsey Brown for their services rendered as vice presidents and directors and which were deducted as salaries on the income tax returns of petitioner for those years. The statute furnishes us no yardstick by which the reasonableness of a given salary may be determined. We are to weigh all the relevant evidence in the light of the circumstances surrounding the particular case under review. Upon reconsidering the evidence presented on the original hearing in conjunction with the proof presented on the rehearing, we are satisfied that the salaries paid to Mrs. Carrie Grice Frost and Mrs. W. *348 Dorsey Brown and deducted as such by petitioner were reasonable and have so found as facts. Accordingly, petitioner is entitled to a deduction in the amount of $5,130 paid as salaries to Mrs. Carrie Grice Frost and Mrs. W. Dorsey Brown in each of the respective years, under section 23(a)(1)(A) of the Internal Revenue Code as amended by section 121 of the Revenue Act of 1942. Decision will be entered under Rule 50.